# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SCOTT GERARD GERRY, | ) CASE NO. 5:21-CV- 01115-DAR |
| | ) |
| | ) JUDGE DAVID A. RUIZ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) **MEMORANDUM OPINION AND ORDER** |
| | ) |
| | ) |
| Defendant. | |

## I. Introduction

This matter is before the Court on the Report and Recommendation of Magistrate Judge Darrell A. Clay. (R. 17). Plaintiff Scott Gerard Gerry filed a Complaint challenging the final decision of the Commissioner of Social Security denying his 2019 and 2020 applications for Child Disability Benefits (CDB), Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). (R. 1). Magistrate Judge Clay's Report and Recommendation (R&R), issued on July 13, 2022, recommends the Court AFFIRM the Commissioner's decision. (R. 17).

"Within 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P 72(b)(2); *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). The Plaintiff has timely filed an objection to the R&R (R. 18), to which the Commissioner has replied (R. 19).

For the following reasons, the Court overrules the Plaintiff's objection, ADOPTS the R&R and thereby AFFIRMS the underlying decision of the Commissioner.

## II. Standard of Review

The applicable standard of review of a magistrate judge's report and recommendation provides that when objections are made to such a report and recommendation, the district court conducts a *de novo* review. Federal Rule of Civil Procedure 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

## III. Plaintiff's Objections to the R&R

### A. The ALJ's Decision and R&R

The ALJ determined that Mr. Gerry, who was born March 13, 1991 (Tr. R. 9, Page ID # 26), had a residual functional capacity (RFC) for full range of light work at all exertional levels with some non-exertional limitations related to Mr. Gerry's mental impairments. (*Id*., Page ID #27-28). In fashioning the RFC, the ALJ reviewed the medical and opinion evidence. (*Id.,* Page ID # 28-31). As part of that review the ALJ considered medical records from Dr. Ikemefuma Nkanginieme, M.D., as well as a medical source opinion from Dr. Nkanginieme. (*Id*., Page ID # 29, 31). He also addressed counseling records and a functional opinion from Mark Garrettson, a nurse practitioner. (*Id*., Page ID # 30, 31).

The ALJ, in an extensive discussion, discounted both opinions, which stated that Mr. Gerry would be unable to meet competitive standards in multiple mental domains (Mr. Garrettson) and would have no useful ability to function in two such domains (Dr. Nkanginieme). (*Id*., Page ID # 31). The ALJ concluded that neither opinion was persuasive because they were not supported by the treatment notes. (*Id*.) In particular, the ALJ determined that Mr. Garrettson's notes reflected "a stable individual with no difficulty with memory or concentration, a logical thought process, and

consistent affect." (*Id*.) He noted that Dr. Nkanginieme "has made similar findings." (*Id*.). In addition, the ALJ also observed that "the claimant [Mr. Gerry]'s mental status examinations have been fairly unremarkable, particularly in the past year when he was taking his psychotropic medication." (*Id*.).

Moreover, the ALJ's decision observed that Mr. Gerry had told Dr. Nkanginieme that when he was taking his medication he had received a promotion at work and was "happy about the advancement," but that he had since stopped taking the medication, "despite his admission that [he] was able to find relief from his symptoms when compliant." (*Id*., Page ID # 29). In addition, the ALJ noted that Mr. Garrettson's treatment notes showed that Mr. Gerry had "signs of only mild depression and anxiety," and that during recent telehealth counseling visits, Mr. Gerry's symptoms were "stable or improved," with Mr. Gerry reporting that he was "doing ok and had no new issues." (*Id*., Page ID # 30).

The ALJ determined that although Mr. Gerry "has some limitations related to his various mental health conditions," he has received "conservative mental health treatment and has often been non-compliant with his medication and counseling, indicating that his symptoms are not as severe as alleged." (*Id*.). The ALJ further stated that "his mental health status examinations have been fairly unremarkable, particularly in the past year when was taking his psychotropic medication." (*Id*.).

As here, Mr. Gerry argued to the Magistrate Judge that the ALJ erred by not fully addressing all the evidence in determining if these opinions were actually consistent with and supported by the evidence; and further asserted that the ALJ erred by not properly considering factors such as whether the results obtained by telehealth visits were valid and the reasons for Mr. Gerry's non-compliance with medication. (R. 17, Page ID # 24-26). To that end, the R&R noted

3

that the ALJ was aware that visits were conducted by telemedicine and referred to Mr. Gerry's "intermittent noncompliance with his medication and his failure to follow through with recommended counseling." (*Id.*, Page ID # 26). The R&R further observed that while "telemedicine may not paint a detailed a picture as an in-person office visit might, and Mr. Gerry's periods of medication noncompliance may result from his mental health conditions," the ALJ "properly indicated his reasoning" for downgrading the two opinions. (*Id.*).

### B. Plaintiff's Objections to the R&R

Mr. Gerry makes three inter-related objections within an overall claim that the RFC is not supported by substantial evidence because the ALJ failed to assess the opinion evidence in accordance with proper legal standards. (R. 18, Page ID # 1). He alleges first that the R&R erred by not finding that the ALJ selectively considered—*e.g.* "cherry-picked"—the clinical evidence, omitting any discussion of the severity of his mental limitations. (*Id.*, Page ID # 1-2). Next, Plaintiff asserts that the R&R misunderstood his objection to the ALJ's handling of the telehealth evidence. (*Id.*, Page ID # 3). Specifically, he claims that the issue is not a purported lack of thoroughness during such visits, but in the contention that the telehealth appointments produced a false sense of stability since he did not have the stress of interacting with others outside his home. (*Id.*). Finally, he contends that the ALJ's finding that his condition was "stable" reflects nothing more than that it was neither relatively better nor worse, as one may be both stable and disabled. (*Id.*). As such, he argues that stability of symptoms is not a basis for rejecting a medical opinion expressing functional limitations. (*Id.*).

### C. Analysis

To the extent that Plaintiff's objections to the R&R are simply a restatement of an argument initially raised to the magistrate judge and then rejected, such an objection is not properly

considered by this Court. *Davenport v. Comm'r of Social Security*, 2020 WL 5569620, at *2 (N.D. Ohio Sept.17, 2020). In addition, an allegation that the ALJ cherry-picked the evidence is "seldom successful because crediting it would require a [reviewing] court to re-weigh record evidence." *DeLong v. Commissioner of Social Security*, 748 F.3d 723, 726 (6th Cir. 2014) (citation omitted). Finally, as is well-established, if substantial evidence supports the ALJ's finding, then the reviewing court must defer to that finding, even if there is substantial evidence in the record that would have supported a different conclusion. *Blakely v. Commissioner of Social Security*, 581 F.3d 399, 406 (6th Cir. 2009).

Here, the R&R provides a thorough discussion analyzing the ALJ's reasoning for finding less persuasive the two opinions at issue. (R.17, Page ID# 22-26). The ALJ's consideration of the record evidence and the two providers' notes, as also summarized in the R&R, refutes any claim of evidence cherry-picking, as it clearly sets forth a well-reasoned evidentiary basis for the ALJ's decision. (*Id*. at Page ID# 23-24). Further, Mr. Gerry's argument that that the ALJ erred, in overemphasizing his stability as a reason for the finding on persuasiveness, fails to read the ALJ's opinion as a whole. That opinion, as is set out above in relevant part and detailed in the R&R, noted that beyond stability, Mr. Gerry had only mild depression and anxiety while on medication, his symptoms were "stable or improved" according to pertinent treatment notes, and he himself reported that he was "ok" with no new issues. As such, the argument attempting to claim error by selectively challenging the ALJ's mention of "stability" misreads the ALJ's reasoning.

Finally, regarding Plaintiff's assertion that the R&R's analysis of the telehealth evidence should be discounted because Mr. Gerry was not displaying normal (i.e. disabled) symptoms in that environment, it must be noted that the beneficial effects of Mr. Gerry's medication on his symptoms were observed before the telehealth appointments. In fact, this point is emphasized by

Dr. Nkanginieme's notes, which the ALJ cited, that indicate Mr. Gerry's symptoms before and after his work promotion. The Court finds no reversible error in the R&R's analysis of the telehealth records.

## IV. Conclusion

The Court has carefully reviewed the Report and Recommendation in light of the above standard of review and Plaintiff's Objection. The Court hereby overrules Plaintiff's Objection and ADOPTS the Magistrate Judge's Report and Recommendation (R. 17). The Commissioner's underlying decision is hereby AFFIRMED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 27, 2022